UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00308-RJC-DSC

| | | |
|---|---|---|
| LATASHA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CAROLINA HEALTHCARE SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court *sua sponte*. Plaintiff filed her Complaint, (Doc. No. 1), on June 7, 2017, and summons was returned executed on July 17, 2017, (Doc. No. 6). Defendant had until July 24, 2017, to file an Answer to Plaintiff's Complaint. The time has now expired. Plaintiff appears *pro se* and has not filed a motion for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[1] It is Plaintiff's burden to move this case forward, and Plaintiff will be required to take appropriate action within 14 days. **IT IS, THEREFORE, ORDERED** that should Plaintiff wish to continue to prosecute this claim, she shall file a Motion for Entry of Default within 14 days. **FAILURE TO FILE SUCH A MOTION WITHIN 14 DAYS WILL RESULT IN DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT.**

Signed: August 29, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[1] "When a party against whom a judgment for affirm to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."